# EXHIBIT A-2
State Court Complaint

| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>Court Address:<br>7325 South Potomac Street<br>Centennial, CO 80112 | DATE FILED<br>August 19, 2024 3:40 PM<br>FILING ID: 9EEEBEC3382A6<br>CASE NUMBER: 2024CV31809 |
|---|---|
| Plaintiff(s): Jacqueline Strom; Eric Strom<br><br>v.<br><br>Defendant(s): Experian Information Solutions, Inc.; Equifax Information Services, LLC; TransUnion, LLC; RoundPoint Mortgage Servicing LLC; Flagstar Financial & Leasing, LLC. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Courtroom:<br><br>Division: |
| *Attorneys for Plaintiff*:<br>**RAMOS LAW**<br>Matthew R. Osborne #40835<br>Ashlie Franz #58662<br>RAMOS LAW<br>10190 Bannock St., Suite 200<br>Northglenn, CO 80260<br>Phone Number: 303.733.6353<br>E-mail: mosborne@ramoslaw.com<br>           ahancock@ramoslaw.com | |
| **COMPLAINT AND JURY DEMAND** ||

1. Plaintiffs are individuals who reside at 180 Metcalf Lane, Monument, CO.

2. Flagstar Financial & Leasing, LLC ("Flagstar") is a corporation, located at 68 South Service Road, Melville, NY 11747.

3. RoundPoint Mortgage Servicing, LLC ("RoundPoint") is a corporation, located at 446 Wrenplace Road, Fort Mill, SC 29715.

4. Defendant Experian Information Solutions, Inc ("Experian") is a corporation, located at 475 Anton Boulevard, Cost Mesa, CA 92626.

5. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company, located at 1550 Peachtree Street NW, Atlanta, GA 30309.

6. Defendant TransUnion, LLC ("TransUnion") is a limited liability company, located at 555 W Adams Street, Chicago, IL 60661.

7. Venue is proper in Arapahoe County because all Defendants were served in Arapahoe County.

8. On September 1, 2023, Plaintiffs Jaqueline and Eric Strom made their monthly mortgage payment to Flagstar.

9. The September 1, 2023, payment was made to Flagstar via ACH payment directly debited from Plaintiffs' USAA bank account.

10. On or about September 22, 2023, Flagstar returned the payment to the Plaintiffs' bank account.

11. On or about October 1, 2023, Experian notified the Plaintiffs that negative information was added to their reports related to a mortgage payment.

12. Plaintiff Jacqueline contacted Flagstar about the negative reporting and was informed for the first time that Flagstar had transferred her loan to RoundPoint effective September 1, 2023.

13. Plaintiffs never received notice of the loan transfer nor were they notified that they were late on their payments to RoundPoint.

14. RoundPoint then began reporting the alleged delinquent account on the Plaintiffs' credit reports with Defendants Experian, Equifax, and TransUnion (the "credit bureau Defendants").

15. Plaintiffs subsequently sent multiple disputes regarding the RoundPoint account to all Defendants, but all declined to change the reporting and "verified" it as accurate.

16. All three credit bureau Defendants responded to Plaintiffs' disputes by "verifying" the false and misleading delinquent account.

**COUNT I, COLORADO CONSUMER CREDIT REPORTING ACT (CCCRA)**

17. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

18. Defendants violated C.R.S. § 5-18-110 by: failing to conduct a reasonable reinvestigation into Plaintiffs' disputes and failing to delete inaccurate information after verification proved impossible.

19. Defendants' violations of the CCCRA caused actual damages to Plaintiff, to be determined at trial by a jury.

**COUNT II, REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

20. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

21. Defendants Flagstar and RoundPoint violated RESPA § 1024.33(b)(1), which mandates that "each transferor servicer and transferee servicer of any mortgage loan shall provide to the borrower a notice of transfer for any assignment, sale, or transfer of the servicing of the mortgage loan."

22. Defendant Flagstar also violated RESPA § 1024.33(c)(1), which requires that "during the 60-day period beginning on the effective date of transfer of the servicing of any mortgage loan, if the transferor servicer (rather than the transferee servicer that should properly receive payment on the loan) receives payment on or before the applicable due date (including any grace period allowed under the mortgage loan instruments), a payment may not be treated as late for any purpose."

23. Defendants RoundPoint and Flagstar violated RESPA by: failing to notify the Plaintiffs of the transfer of their servicer.

24. Defendant RoundPoint violated RESPA by incorrectly marking Plaintiffs' September 1, 2023 payment as late within 60 days of the transfer.

25. Defendant RoundPoint also violated RESPSA by refusing to remove the false reporting from their file after Plaintiffs disputed it.

26. Defendants Flagstar and RoundPoint's violations of RESPA caused actual damages to Plaintiffs, to be determined at trial by a jury.

Respectfully submitted this 19th day of August 2024.

                                            **RAMOS LAW**

                                            */s/ Ashlie Franz*
                                            Matthew R. Osborne #40835
                                            Ashlie Franz #58662
                                            RAMOS LAW
                                            10190 Bannock St., Suite 200
                                            Northglenn, CO 80260
                                            Phone Number: 303.733.6353
                                            E-mail: mosborne@ramoslaw.com
                                                                     ahancock@ramoslaw.com

                                            *Attorneys for Plaintiffs*